(May 20, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER PASLEY, Appellant. [859 NYS2d 34]—

Upon remittitur from the Court of Appeals (9 NY3d 342 [2007]), judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered April 29, 2006, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence, as viewed in light of the court's jury charge. The court charged the

jury with respect to depraved indifference murder in accordance with the law at the time, as reflected in *People v Register* (60 NY2d 270 [1983], *cert denied* 466 US 953 [1984]) and *People v Sanchez* (98 NY2d 373 [2002]). Although, in response to a note from the deliberating jury, the court briefly referred to depraved indifference as a "mental state," this was in the context of identifying the distinguishing feature of each of the numerous homicide charges and explaining the order in which they were to be considered. In its main and supplemental charges, the court repeatedly instructed the jury that it had to view the circumstances objectively to determine whether defendant acted with depraved indifference, and it never defined depraved indifference subjectively, as now required pursuant to *People v Feingold* (7 NY3d 288 [2006]). After weighing conflicting testimony and the conflicting inferences that could be drawn from the evidence, we conclude that defendant's unprovoked slashing with a box cutter at the victim's jugular vein, with enough force to slice through two major vessels, and after he had already taken the victim's chain, demonstrated circumstances evincing a depraved indifference to human life (*see People v Sanchez*, 98 NY2d at 384-386). Concur—Mazzarelli, J.P., Friedman, Gonzalez and Catterson, JJ.